THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00300-MR-WCM

| | | |
|---|---|---|
| LEAH MORAN, individually and as executrix for the Estate of HEATHER GRACE BOONE LEVITSKY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| POLK COUNTY, POLK COUNTY SHERIFF'S DEPARTMENT, TRANSYLVANIA COUNTY DETENTION CENTER, DONALD HILL, in his individual and official capacities, JOSHUA J. KUJAWA, in his individual capacity, SHELLEY STROUP, in her individual capacity, KYLE PASSMORE, in his individual capacity, JERRY MANN, in his individual capacity, MYLES B. McCRARY, in his individual capacity, ROBBIE WORTHY, in his individual capacity, DAVID A. MAHONEY, in his official and individual capacities, NICHOLE BLACKWELL, in her individual capacity, UNKNOWN JOHN DOE EMPLOYEE OF TRANSYLVANIA COUNTY, in his individual capacity, and UNKNOWN EMPLOYEES OF TRANSYLVANIA COUNTY DETENTION CENTER, in their individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court *sua sponte*.

On October 29, 2018, the Plaintiff brought this action against the Defendants Polk County, Transylvania County, Polk County Sheriff's Office, Transylvania County Detention Center, Donald Hill, David Mahoney, Joshua J. Kujawa, Shelley Stroup, Kyle Passmore, Jerry Mann, and Nichole Blackwell ("Sheriff and County Defendants"), David Mahoney, Myles B. McCrary, and Robbie Worthy, as well as certain "Doe Defendants" identified as an "Unknown John Doe Employee of Transylvania County" and "Unknown Employees of Transylvania County Detention Center." [Doc. 1]. All of the named Defendants have made appearances in this action. To date, however, there is nothing in the record to indicate that the Plaintiff has served the Doe Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Plaintiff is hereby placed on notice that unless good cause is shown to the Court for her failure to effect service of the Summons and Complaint on the Doe Defendants within fourteen (14) days from service of this Order, the Plaintiff's action against these Defendants shall be dismissed without prejudice without further order.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall show good cause within fourteen (14) days of service of this Order for the failure to effect service on the Doe Defendants. Failure of the Plaintiff to respond in writing within fourteen (14) days shall result in a dismissal without prejudice of these Defendants without further order of the Court.

**IT IS SO ORDERED.**

Signed: September 20, 2019

Martin Reidinger
United States District Judge