# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00300-MR-WCM

| | |
|---|---|
| LEAH MORAN, as Executrix of the Estate of Heather Grace Boone Levitsky, ) ) ) ) Plaintiff, ) ) vs. ) ) POLK COUNTY, et al., ) ) Defendants. ) ) | **ORDER APPROVING MINOR SETTLEMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Renewed Consent Motion to Approve Wrongful Death Settlement [Doc. 70].

## BACKGROUND

This action arises out of the death of Heather Grace Boone Levitsky (the "Decedent") while detained in the Transylvania County Detention Center. On December 8, 2016, the Decedent was found unresponsive on the floor of her jail cell as a result of an attempted suicide, she died the next day.

The Plaintiff, Leah Moran, in her capacity as the Executrix of the Decedent's estate, filed claims pursuant to 42 U.S.C. § 1983 and a supplemental state law wrongful death claim, alleging the claims arise from

the Defendants' alleged failure to properly medicate, supervise, and ensure the safety of the Decedent while in custody. [Doc. 1]. On January 2, 2019, the Plaintiff filed an Amended Complaint, alleging the same facts but adding an additional party-defendant. [Doc. 24]. The Defendants moved to dismiss the action on various grounds. [See Docs. 27, 29, 36]. The Court granted in part and denied in part the Defendants' motions, dismissing with prejudice certain claims and defendants. [Docs. 40, 41].

On May 1, 2020, the Plaintiff moved for leave to file a Second Amended Complaint, seeking to clarify allegations regarding already named Defendants and to add new parties in the place of the previously unidentified "John Doe" employees of Transylvania County. [Doc. 48]. On July 17, 2020, the Court granted in part and denied in part the Plaintiff's motion. [See Doc. 54]. Specifically, the Court granted the Plaintiff's motion for leave to file the Second Amended Complaint with respect to clarifying the allegations as to previously named Defendants. [Id.]. The Court, however, denied as futile the Plaintiff's motion for leave to file the Second Amended Complaint with respect to adding the proposed new parties. [Id.].[1]

---

[1] The Court's ruling with regard to denying the Plaintiff's motion to amend as futile under the applicable statute of limitations, is not a determination – one way or the other – as to whether this settlement would in any way terminate the rights of the minor children, upon their reaching the age of majority, regarding any claims that may or may not exist against the proposed new parties.

On July 23, 2020, the parties attended a mediated settlement conference that resulted in a full and complete settlement of all issues in the case. [Doc. 55]. On November 20, 2020, the Court granted the Plaintiff's motion to appoint a Guardian Ad Litem and appointed attorney Patrick Bryan as the minor children's Guardian Ad Litem. [Doc. 61]. On December 4, 2020, the Plaintiff filed a settlement agreement with the Defendants on behalf of the Decedent's estate and the minor children, C.I.N. and C.P.L.[2] [Doc. 56]. Because the parties' proposed settlement implicates the rights and property of minor children, the Plaintiff moved for Court approval of the settlement. [Doc. 56].

The Court held a hearing on the parties' motion to approve the settlement on December 8, 2020. At that time, the Court determined that additional issues must be addressed before the settlement can be approved. As such, the Court denied, without prejudice, the motion to approve the settlement and instructed the Plaintiff to refile a properly supported motion seeking approval of the settlement. [Docs. 68, 69]. On April 30, 2021, the Plaintiff filed a renewed motion to approve the settlement and supporting

---

[2] The full names and dates of birth of the minor children are set forth in the Sealed Addendum to Order Approving Minor Settlement, which has been entered contemporaneously herewith.

documents thereto. [See Docs. 71, 71-1, 71-2, 71-3, 71-4, 73: sealed, 74: sealed].

On December 1, 2021, this matter came on for final hearing before the Court. Present for the proceeding were attorneys Brian King and Thomas Morris as counsel for the Plaintiff; attorney Michael Ingersoll, as counsel for the Defendants; attorney Patrick Bryan as Guardian Ad Litem for the minor children; Plaintiff Leah Moran; and Michael Nicholson, father of minor beneficiary C.I.N. Prior to the hearing, the Court reviewed the following documents with respect to the Plaintiff's Renewed Consent Motion to Approve Wrongful Death Settlement: (1) the Memorandum in Support of the Motion [Doc. 71]; (2) the Letters of Testamentary [Doc. 71-1]; (3) the Juvenile Order regarding C.P.L. being kept in the legal care, custody and control of his grandmother, Leah Moran [Doc. 73: sealed]; the Decree of Adoption regarding the Decedent's third child [Doc. 74: sealed]; the Settlement and Release Agreement [Doc. 71-4]; and the Report of the Guardian Ad Litem and supplement thereto [Docs. 66, 76].

## **FINDINGS OF FACT**

1. To assess the reasonableness of the Settlement and Release Agreement, at the hearing on December 1, 2021, the Court requested that counsel for the Plaintiff and the Defendants give a forecast of their trial

evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto. The parties complied with the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

2. As explained by the Plaintiff's counsel, the basis of the case comes from the Decedent not being provided the proper medications while she was confined in the Transylvania County Detention Center. It was the Plaintiff's evidence and contention that the Decedent was on multiple drugs for serious mental health issues, including antidepressant and bipolar medication. However, when the Decedent was placed in the Transylvania County Detention Center, some of her medications were seized and other medications were doubled. Further, Plaintiff contended that there was inadequate supervision of the Decedent as, shortly before her attempted suicide, she was served with paperwork from the Department of Social Services involving one of her children, appeared visually distraught on video thereafter, and did not come out of her cell for dinner. On that basis, the Plaintiff's theory of the case rested on the inappropriate medication changes, coupled with potential supervision issues, culminating in Decedent's death. The Defendants, on the other hand, had raised a defense of qualified immunity, requiring the Plaintiff to show the Defendants acted with deliberate

5

indifference or maliciousness. Further, the individual responsible for administering the Decedent's medication was a third-party contractor, not a county or otherwise public employee.

3. Given the strength of the Defendant's qualified immunity defense and the third-party contractor issue, the Plaintiff acknowledged that a favorable outcome at trial was uncertain and discovery had not revealed favorable and supportive evidence hoped for by the Plaintiff. The Plaintiff's counsel also acknowledged that the Defendants intended to file a summary judgment motion that would have been difficult to overcome. The Plaintiff's counsel also reduced their fee agreement to allow for a greater recovery for the minor children, as substantial expenses were incurred in administrating the Estate, including funeral costs and expenses associated with a prior law firm and its investigators that decided to not pursue the case further.

4. From the Defendant's perspective, counsel acknowledged that certain facts were problematic for the defense, such as the Department of Social Services serving notice of upsetting news regarding one of her children and her previous known history of mental health issues, including anxiety and severe depression that lead to her physically harming herself during a separate prior arrest. Further, Defendants' counsel contends that the settlement amount reflects the strength of the potential defenses and

likely success on a motion for summary judgment, but also acknowledges the risk created by the problematic facts articulated by Plaintiff's counsel. For all these reasons, the Plaintiff's and Defendants' counsel believe that the settlement reached is a fair resolution to the Plaintiff's claims.

5. The Guardian Ad Litem, in addition to his Report and supplement thereto, further opined that considering the pleadings, summations of depositions, and potential defenses, a significant risk existed that the minor children would not receive anything if the matter proceeded without a settlement. The Guardian Ad Litem also opined that the settlement is fair and reasonable, in the best interest of the two minor children C.P.L. and C.I.N., and therefore recommended the settlement be approved.

6. At the hearing held on December 1, 2021, the Court inquired as to the legal effect of the Juvenile Order that provides for the minor child C.P.L. to remain in the legal care, custody and control of his grandmother, Leah Moran. The Plaintiff's counsel represented that the Juvenile Order is a permanent custody order vesting Leah Moran with the full control, care and custody of the minor child C.P.L., and therefore has the effect of appointing Leah Moran as the legal guardian for C.P.L. The Defendant and the Guardian Ad Litem concurred with the representations and assessment of

the Plaintiff's counsel, including the legal effect resulting from the Juvenile Order.

7. At the hearing held on December 1, 2021, the Court inquired as to the electronic signatures of counsel affixed to the Settlement and Release Agreement, and the absence of any signatures by the parties. All counsel affirmed that the electronic signatures affixed to the Settlement and Release Agreement were sufficient to bind the respective parties and insurers to the terms therein. Further, all counsel affirmed that, in electronically signing the Settlement and Release Agreement, all counsel were acting with the authority to bind their respective parties, including the appropriate insurers thereof, and that such signatures are in fact binding and sufficient to enforce the terms and conditions of the Settlement and Release Agreement.

8. At the hearing held on December 1, 2021, the Court inquired as to the Decree of Adoption regarding Decedent's third child who is not a party to this action. All counsel agreed that the Decedent's parental rights were terminated as to her third child upon that child's adoption. Further, all counsel affirmed that under the Chapter 28A of the General Statutes of North Carolina the adopted child has no right of inheritance and accordingly is not a party-in-interest with regard to the settlement in this matter.

9. At the hearing held on December 1, 2021, Leah Moran, as the grandmother and the legal guardian of the minor child C.P.L., and also in her capacity as the Personal Representative of the Estate of the Decedent, acknowledged that she:

    (a) had read the settlement documents filed in this matter, including the Settlement and Release Agreement, and that she understands and assents to the terms thereof, and that the electronic signatures thereon by her attorneys were place thereon with her authorization and as her agents.

    (b) had an adequate opportunity to confer with counsel regarding her decision to settle this matter.

    (c) understands that the settlement documents propose that certain consideration be paid for the benefit of the minor child C.P.L.

    (d) believes, in her capacity as grandparent and legal guardian of the minor child C.P.L., that the proposed settlement is fair and reasonable for the minor child C.P.L. under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

9

Case 1:18-cv-00300-MR-WCM   Document 77   Filed 12/07/21   Page 9 of 16

(e) understands that, if the Court approves the Settlement and Release Agreement, the consideration due will be provided as described in the settlement documents filed herewith.

(f) understands that, if the Court approves the Settlement and Release Agreement, the provision of the consideration for the settlement by the Defendant will terminate any claims of the minor child C.P.L. against the Defendants. She further acknowledged that she understands that her decision to accept the Settlement and Release Agreement on behalf of the minor child C.P.L. (if such agreement is approved by the Court) will bind the minor child and said child will be enjoined from seeking any future redress against the Defendants, pursuant to the Settlement and Release Agreement, based upon the acts and omissions alleged in the Complaint.

10. At the hearing held on December 1, 2021, Michael Nicholson as the father and legal guardian of the minor child C.I.N., acknowledged that he:

(a) had read the settlement documents filed in this matter, including the Settlement and Release Agreement, and that he understands and assents to the terms thereof.

(b) understands that the settlement documents propose that certain consideration be paid for the benefit of the minor child C.I.N.

10

(c) believes, in his capacity as parent of the minor child C.I.N., that the proposed settlement is fair and reasonable for the minor child C.I.N. under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(d) understands that, if the Court approves the Settlement and Release Agreement, the consideration due will be provided as described in the settlement documents filed herewith.

(e) understands that, if the Court approves the Settlement and Release Agreement, the provision of the consideration for the settlement by the Defendants will terminate any claims of the minor child C.I.N. against the Defendants. He further acknowledged that he understands that his decision to accept the Settlement and Release Agreement on behalf of the minor child C.I.N. (if such agreement is approved by the Court) will bind the minor child and said child will be enjoined from seeking any future redress against the Defendants, pursuant to the Settlement and Release Agreement, based upon the acts and omissions alleged in the Complaint.

11. That Plaintiff's attorneys have reduced their fee in this matter in order to increase the recovery of the minor beneficiaries. Likewise, the Plaintiff, as Personal Representative of the Estate of the Decedent has

11

Case 1:18-cv-00300-MR-WCM   Document 77   Filed 12/07/21   Page 11 of 16

reduced and partially foregone amounts to which she would otherwise be entitled in order to increase the recovery of the minor beneficiaries.

12. Based on all the foregoing, the Court finds and concludes that:

(a) the Juvenile Order that Leah Moran, grandmother to C.P.L., keep legal care, custody and control of the minor child C.P.L. is sufficient for her to have the authority to appear in this proceeding as the legal guardian of the minor child C.P.L. for the purpose of addressing what is in the best interest of the minor child C.P.L.

(b) the Decedent's third child has been adopted by others, is not entitled to inherit from the Decedent's Estate, and therefore is not a party-in-interest.

(c) Michael Nicholson is the father and legal guardian of the minor child C.I.N. and has the authority to appear as part of this proceeding for the purpose of addressing what is in the best interest of the minor child C.I.N.

(d) the Settlement and Release Agreement is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of the Settlement and Release Agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

13. The Court finds that the attorney's fee requested by Plaintiff's counsel is fair and reasonable upon considering the factors outlined by In re Abrams & Abrams, P.A., 605 F.3d 238, 244 (4th Cir. 2010), including the skill of the work performed and the degree of success obtained for the minor children. The Court additionally finds that the costs of litigation requested by the Plaintiff's counsel are fair and reasonable, and were necessary to effectively prosecute this matter.

## **CONCLUSIONS OF LAW**

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1. Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). Moreover, where minors are entitled to receive damages pursuant to the settlement of a wrongful death action, such settlement must be approved by the Court, even though the minors are not parties to the wrongful death action. See N.C. Gen. Stat. § 28A-13-3(23).

2. The Plaintiff, Leah Moran, acting in her capacity as grandparent and guardian for the minor child C.P.L., is competent in all respects and is

able to understand the ramifications of the Settlement and Release Agreement, as well as the effect such agreement would have upon the minor child C.P.L., and is competent and able to execute her duties accordingly.

3. Even though the interests of Plaintiff Leah Moran as Personal Representative of the Estate of the Decedent and as guardian for minor beneficiary C.P.L. are, in some respects, inconsistent and divergent, Plaintiff has forgone some of her rights to recovery to which she would otherwise be entitled for the benefit of the minor beneficiaries including C.P.L. Moreover, the Guardian ad Litem has determined that the settlement is fair and reasonable for the minor beneficiaries, including C.P.L., notwithstanding any such divergent interests.

4. Michael Nicholson acting in his capacity as parent and guardian for the minor child C.I.N., is competent in all respects and is able to understand the ramifications of the Settlement and Release Agreement, as well as the effect such agreement would have upon the minor child C.I.N., and is competent and able to execute his duties accordingly.

5. Having reviewed the details of the proposed disbursement of funds for the minor children, including payment dates and amounts, the Court finds that the extent, nature, and amount of recovery for the minor children are all fair and reasonable, and the disbursement of such funds as provided

in the Settlement and Release Agreement is in the best interests of the minor children.

6. The disbursement of the settlement proceeds, as set forth in the Settlement and Release Agreement, benefits the minor children by the way in which the funds are to be disbursed. The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

7. The Plaintiff, Leah Moran, acting in her capacity as grandparent and guardian for the minor child C.P.L., and Michael Nicholson, in his capacity as parent and guardian for the minor child C.I.N., have bound the minor children herein in the same manner as if such minors had consented to the settlements as adults.

8. The Settlement and Release Agreement should be approved.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Renewed Consent Motion to Approve Wrongful Death Settlement [Doc. 70] is **GRANTED**, and the parties' settlement of this matter is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to all the Plaintiff's claims against the Defendants within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: December 7, 2021

Martin Reidinger
Chief United States District Judge